**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY FRANCIS BARGER, | No. 2:14-cv-2310-CMK-P |
|     Plaintiff, | |
|  vs. | <u>ORDER</u> |
| DIRECTOR OF CDCR, | |
|     Defendant. | |

      Plaintiff Gary Barger, also known as Gary Fisher, is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Docs. 2,10).

      The Prison Litigation Reform Act's (PLRA) "three strikes" provision provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

1  28 U.S.C. § 1915(g). Thus, when a prisoner plaintiff has had three or more prior actions
2  dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from
3  proceeding in forma pauperis unless the imminent danger exception applies. Dismissed habeas
4  petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122
5  (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights
6  action, the district court may conclude that it counts as a "strike." See id. at n.12.

7  The court has previously determined that plaintiff is barred from proceeding in
8  forma pauperis pursuant to 28 U.S.C. § 1985(g). See Fisher v. Director of OPS of CDCR, Case
9  No. 2:14-cv-1323-TLN-EFB P (Doc. 14, 17). In addition, it does not appear that plaintiff was
10 under imminent danger of serious physical injury when he filed the instant complaint. See 28
11 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1037, 1055 (9th Cir. 2007). Plaintiff's
12 complaint is convoluted and nearly incomprehensible. It appears that plaintiff is complaining
13 about being involuntarily medicated for five months, from February to July 2013, over a year
14 prior to the filing of the complaint. There is nothing in the complaint to indicate he was being
15 involuntarily medicated at the time he filed the complaint, or that it continued after July 2013.
16 The majority of his complaint, however, appears to be a recitation of different remedies available
17 with a civil rights case as opposed to a petition for a writ of habeas corpus. His allegations do
18 not demonstrate that he suffered from imminent danger of serious physical injury at the time he
19 filed his complaint.[1] Thus, the imminent danger exception does not apply.

20 As plaintiff has not paid the filing fee, and is not eligible to proceed in forma
21 pauperis, this action shall be dismissed, without prejudice to re-filing upon prepayment of the
22 filing fees. See Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1998).
23 / / /

---

[1] It further appears that plaintiff's claims are similar to those raised in a prior action, case number 2:14-cv-1323-TLN-EFB, and that it is insufficient to state a claim for violation of his Eighth Amendment rights under 28 U.S.C. § 1983. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Therefore, plaintiff must show cause in writing, within 30 days of the date of this order, why this action should not be dismissed. Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Docs. 2,10) is denied; and

2. Plaintiff shall show cause, in writing, within 30 days of the date of this order, why this action should not be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

DATED: May 28, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE